## MAH-ENG-AUNCE v. A. F. ANUNDSEN and Another.[1]

April 29, 1910.

Nos. 16,504—(56).

**Dismissal of Action — Submission of Issue by Consent of Parties.**

The trial judge may, upon a calendar motion, determine the validity of an instrument, executed by plaintiff, purporting to release defendant from liability and directing a dismissal of the action, if all the parties consent to the procedure and voluntarily submit to the court the issue involved.

**Same — Evidence.**

Evidence considered, and *held* to sustain the order setting aside dismissal.

Action in the district court for Becker county to recover $2,879, for money had and received. The facts are stated in the opinion. From an order, Taylor, J., granting plaintiff's motion to set aside and vacate the written dismissal of the action made by plaintiff, unless defendant Sanders released the mortgage and made the payment mentioned in the opinion, defendants appealed. Affirmed.

*A. F. Anundsen* and *M. J. Daly,* for appellants.

*J. H. Baldwin* and *C. M. Johnston,* for respondent.

O'BRIEN, J.

Plaintiff, a Chippewa Indian, was the owner of a duebill issued by a lumber company for the sum of $5,650. Defendant Sanders made certain advances to the plaintiff, taking the duebill as security, which he collected and thereafter from time to time paid over certain sums to the plaintiff. In September, 1908, this action was instituted against the defendants for money had and received. In January, 1909, the plaintiff, in consideration of a payment to him,

[1] Reported in 126 N. W. 136.

executed and delivered to defendants a document which, after the title of the action, read as follows:

"To A. F. Anundsen and Fred Sanders, the above-named defendants: Please take notice, that I, Mah-eng-aunce, or David Wolf, the above-named plaintiff, do hereby dismiss the above entitled action, and release you and each of you from any liability thereunder, and that I will settle with my attorneys in the above-entitled action for their services; that the clerk of Becker county, Minnesota, clerk of the above named court, is hereby authorized to file said written dismissal in the above entitled action.

Dated at Mahnomen, Minn., this 26th day January, 1909.

his

"Mah-eng-aunce, or David Wolf. X

mark

"Witnesses to mark:
C. W. Morrison,
Angeline Red Bird."

The action was placed upon the March, 1909, general term calendar of the district court for Becker county, and upon the call the defendants moved it be stricken from the calendar as settled and dismissed, and the plaintiff moved the dismissal be set aside as fraudulent. The court received oral testimony upon the motions, and subsequently ordered that the written dismissal be set aside, vacated, and annulled, unless the defendant Sanders satisfied of record a certain mortgage delivered to him by the plaintiff, and, in addition, pay the plaintiff $409, with interest. The defendants appeal from this order.

If the instrument signed by the plaintiff is to be considered a contract based upon consideration which purported to release the defendants from liability, it could only be avoided because of fraud or some similar ground. The testimony offered, both oral and by affidavit, was upon that theory, and all the parties seem to have acquiesced in the propriety of having the validity of the instrument

determined by the court upon the motions respectively submitted, so that we have for consideration only the sufficiency of the evidence to support the order subsequently entered.

The evidence tends to show that the plaintiff is an old man, who has no knowledge of the English language, and, further, seems to fully sustain the conclusion reached by the learned trial judge that at the time he executed the purported release the defendant Sanders was still considerably in his debt. The release was not executed in the presence of the plaintiff's attorney, and, without entering into a detailed discussion of the evidence, we conclude that it was sufficient to sustain a conclusion that the plaintiff was so far overreached in the transaction that, in consideration of his situation and that of the defendants, as well as the antecedent transactions between them, the court was justified in making the order appealed from.

Order affirmed.